UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIGUEL ANGEL RESENDIZ VILLEDA,

*Petitioner*,

v. Case No. 3:26-cv-2798-JEP-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

*Respondents*.
_____________________________________/

**ORDER**

Petitioner, a citizen of Mexico, is currently detained by the United States Immigration and Customs Enforcement. (Doc. 1 at 10). Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release him. (*Id.* at 8). The Federal Respondents understand Petitioner to argue that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See generally* Doc. 4).

In their response, the Federal Respondents concede that the Eleventh Circuit's recent decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) is binding on this Court. (*Id.* at 3–4). But

they assert that Petitioner "is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien whose parole has been terminated." (*Id.* at 1).

Contrary to the Federal Respondents' contentions, it does not appear that Petitioner was ever granted parole.[1] Indeed, the documents attached to their own response reflect that Petitioner illegally entered the United States "on an unknown date at an unknown place *without having been admitted or paroled* after inspection by an immigration officer." (Doc. 4-1 at 2 (emphasis added); *see also* Doc. 4-4 at 1). Nevertheless, even if Petitioner was paroled into the country and his parole subsequently expired, this Court has repeatedly concluded that it is bound by *Hernandez Alvarez*'s *ratio decidendi* and, on that basis, has rejected the Federal Respondents' argument that aliens in such situations are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).[2] *See, e.g.*, *Sainrilus v. Warden, N. Fla. Det. Facility*, No. 3:26-cv-2621-JEP-LLL, 2026 WL 3232008 (M.D. Fla. Oct. 28, 2026).

[1] In their response, the Federal Respondents also mistakenly refer to an individual named "Fernandez" in multiple places. (Doc. 4 at 2, 4). And they do not accurately describe the relief Petitioner seeks. (*Id.* at 1).

[2] Although the Federal Respondents assert that Petitioner "has not requested a bond hearing," (Doc. 4 at 4), they do not argue that he failed to exhaust administrative remedies, (*see generally id.*).

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[4] or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 5) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

---

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 1, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
pro se Petitioner
Counsel of Record